IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-00124-RLV
(5:06-CR-00041-RLV-DCK-14)

| | |
|---|---|
| JUAN LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit.

Petitioner was convicted in this district on one count of conspiracy to possess with intent to distribute methamphetamine, cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and a separate count of possessing with intent to distribute methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. After his criminal judgment became final Petitioner filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Government filed a motion for summary judgment as to all claims in the § 2255 motion and this Court granted the motion on August 27, 2013 and dismissed the § 2255 motion and Petitioner appealed.

On April 30, 2014, the Fourth Circuit filed an unpublished per curiam opinion finding that Petitioner was entitled to an evidentiary hearing on the issue of whether his trial counsel failed to pursue plea negotiations with the Government even though Petitioner, as he contends,

1

specifically instructed him to do so. See United States v. Lopez, No. 13-7953, 2014 U.S. App. LEXIS 8149 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2255(b)).

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that appointment of counsel is required for an evidentiary hearing if the petitioner qualifies under 18 U.S.C. § 3006A. Petitioner's family retained counsel to represent Petitioner in his criminal proceeding, however Petitioner has now moved for the appointment of counsel to represent him for the evidentiary hearing and to assist him in conducting discovery. (5:10-CR-000124, Doc. No.23).

The Court finds that Petitioner should be appointed counsel as it does not appear likely that he can afford an attorney at this time as he has been incarcerated since his arrest in 2006. The Court finds that Petitioner's counsel may make a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings after examining Petitioner's motion for collateral relief.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion for appointment of counsel is **GRANTED**. (Doc. No. 23).
2. Petitioner's motion for leave to conduct discovery is **DENIED** without prejudice. (Doc. No. 23).
3. An evidentiary hearing regarding Petitioner's claim of ineffective assistance of counsel, as set forth herein, will be scheduled following consultation with the Clerk's Office regarding an available hearing date.
4. A separate order will be entered setting the hearing date and notifying the U.S. Marshals Service to have Petitioner present in the U.S. District Court in Statesville, North Carolina for the hearing.

5. The Federal Defenders Office shall promptly designate counsel to represent Petitioner on the limited issue as identified herein.

The Clerk is directed to certify copies of this Order to Petitioner, the Federal Defender, and the U.S. Attorney.

**IT IS SO ORDERED.**

Signed: June 18, 2014

Richard L. Voorhees
United States District Judge